The United States District Court

District of Massachusetts

Jane Doe

v.

Converse/Malden Public Library,

Librarian "Steven", Director Malden Public Library, Malden Police department Officers Kessler/Sawbridge et al.

Complaint

1. The Plaintiff is not a resident of Malden, Massachusetts, but is a citizen of the United States.

2. The Defendant operates a quasi-municipal library, partially funded by the state, and is a private facility.

3. This court has original jurisdiction in the matter under 18 U.S.C. 1983, and 18 U.S.C 2009

4. The Plaintiff has been frequenting the "Malden Public Library" for several days, attending several educational programs, not affiliated with the library.

5. The Plaintiff frequented the library on March 9, 2026 and began using the facility as she had been doing for several days. At some time, she approached the computer area, and was waiting for the computer to restart.

6. A young person approached the same area, and began playing with the computer keys, pretending to use the computer without being logged on.

7. I asked the person if he/she would like to see how to look up the weather on the computer.

8. As I showed the person, on the computer I was using, a librarian, approached the computer, asked the young person if he/she was at the library alone. The person responded that he/she

was not. The librarian asked who the person who he/she was with, and then demanded that the person return to the person with whom he/she was in the library.

9. The librarian then demanded the Plaintiff not speak to young children in the library.

10. The plaintiff inquired as to why, and was told that "it was a public space."

11. This made no sense to the plaintiff, was degrading and humiliating as several people in the library witnessed the incident. The librarian stated that if the plaintiff did not like it, she could leave.

12. The plaintiff requested to speak to the manager of the library and was denied by the librarian.

13. The plaintiff did leave the library. As she left the library, she again requested to speak to the manager of the library, who at this time found that the manager was a "Dora St. Martin". The plaintiff was told by the librarian who demanded plaintiff leave "Malden Public Library", that the manager would meet plaintiff outside the library.

14. Shortly after plaintiff left the "Malden Public Library" property, and was standing in the street, Malden Police Department, Officer Kessler approached the plaintiff.

15. The plaintiff asked Officer Kessler if she was being detained, to which officer Kessler responded, plaintiff was being detained.

16. Plaintiff requested to know why she was being detained, and was told she was being "trespassed" from the "Malden Public Library" for talking to children.

17. The plaintiff notified the officer that she was not on library property, but officer Kessler insisted plaintiff stand on the sidewalk, to which the plaintiff refused. Officer Kessler stated the plaintiff was not free to leave when she tried to step onto a sidewalk that was not near the library, and the officer stated the plaintiff was blocking traffic and therefore acting disorderly. The plaintiff was standing directly next to a parked car, and was in no way blocking traffic.

18. Officer Kessler informed the plaintiff that she had to wait for another officer to appear.

19. During that time, officer Kessler degraded the plaintiff repeatedly, calling her "creepy" for talking to children in the library, stating that it was his duty to protect the community, while officer Kessler stood in the street. The same behavior that he accused the plaintiff of acting disorderly.

20. Officer Sawbridge of the Malden Police Department appeared, and misrepresented factual information as to why the plaintiff was being detained by stating the plaintiff was on library property when they arrived. She was not.

21. A few people then approached the library, where the plaintiff stood next to the curb, who the plaintiff recognized as the speaker of a program she had attended the week before, regarding the Constitution. Another chapter of the program was due to start within the hour, to which the plaintiff had planned to attend.

22. One of the speakers inquired of officer Kessler if she was parked lawfully, as he witnessed they and the plaintiff speaking.

23. He responded the she was parked lawfully, without noticing where the vehicle was parked, whatsoever.

24. The plaintiff requested to speak with a supervisor. Officer Co appeared. He spoke to office Kessler extensively, outside the presence of the plaintiff, and refusing to turn his body camera on when requested to do so by the plaintiff.

25. The plaintiff notified officer Co that she was not at the time, nor when any officer appeared, on the property of the "Malden Public Library" and therefore the detention was unlawful, a Fourth amendment violation. There was no probable cause for the officer to detain the plaintiff.

26. She also notified officer Co that officer Kessler had stated to the lovely person who was going to speak about the Constitution, that she was parked lawfully, when in fact she was parked in the pedestrian crossing, at the corner of the main thoroughfare, and the street on which the library

is located. The vehicle was a gold micro suv, with responder type lights on the front. The plaintiff stated the vehicle tag number to both officer Kessler and supervisor Co, with no response.

27. Wherefore, plaintiff seeks $10,000 in damages for public humiliation and violations of her civil rights, and any other damages this court finds reasonable.

*Jane Doe*
*431 [illegible]*
*S[illegible]*
*[illegible]*
*[illegible]*