UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANE DOE,

        Plaintiff,

        v.

CONVERSE/MALDEN PUBLIC LIBRARY,
et al.,

        Defendants.

No. 26-cv-11259-JDH

## MEMORANDUM AND ORDER

HEDGES, M.J.

*Pro se* plaintiff "Jane Doe" has filed a civil complaint (Docket No. 1), an application to proceed in district court without prepaying fees or costs (which I will refer to as a motion for leave to proceed *in forma pauperis*) (Docket No. 2), and a motion to proceed under a pseudonym (Docket No. 3).  For the reasons stated below, I will grant the motion for leave to proceed *in forma pauperis*, deny the motion to proceed under a pseudonym, and direct Ms. Doe to file an amended complaint under her real name if she wishes to pursue this action.

## I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of Ms. Doe's motion for leave to proceed *in forma pauperis*, I conclude that she has adequately shown that she is eligible for a waiver of the filing fee.  Accordingly, the motion is GRANTED.

## II.    MOTION TO PROCEED UNDER A PSEUDONYM

Courts have recognized a "qualified First Amendment right of public access to certain documents filed in civil litigation." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 67 (1st Cir. 2022).

"[P]ublic access to judicial records and documents allows the citizenry to 'monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system.'" *Id.* at 68 (quoting *F.T.C. v. Standard Fin. Mgmt.*, 830 F.2d 404, 410 (1st Cir. 1987)). "Identifying the parties to the proceeding is an important dimension of publicness." *Id.* (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)). "That is because—to a certain degree—letting a party hide behind a pseudonym dims the public's perception of the matter and frustrates its oversight of judicial performance." *Id.* Therefore, there is a "strong presumption against the use of pseudonyms in civil litigation," *id.* at 67 (quoting *Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022)), and "[t]he party seeking pseudonymity bears the burden of rebutting the strong presumption against it." *Id.* at 73.

In the complaint, Ms. Doe alleges that while she was visiting the Malden Public Library, she assisted a child with using the internet to find information about the weather. Docket No. 1 ¶¶ 6-8. A librarian who saw Ms. Doe's interaction with the child told Ms. Doe that she was not allowed to talk to young children at the library. *Id.* ¶ 9. When Ms. Doe questioned the librarian, the "[t]he librarian stated that if plaintiff did not like it, she could leave." *Id.* ¶¶ 11-12. After leaving the library, Ms. Doe was approached in the street by a police officer for the City of Malden. *Id.* ¶ 14. Ms. Doe asked the officer if she was being detained, and the officer responded affirmatively. *Id.* ¶ 15. Two more officers arrived on the scene, and some members of the public approached the library. *Id.* ¶¶ 20-24. During Ms. Doe's interactions with the officers, they stated that she was "creepy" for speaking with young children in the library, was acting disorderly, and was trespassing. *Id.* ¶¶ 16-24. Ms. Doe informed one officer that "she was not at the time, nor when any officer appeared, on the property of the 'Malden Public library' and

therefore the detention was unlawful, a Fourth amendment violation." *Id.* ¶ 25.  Ms. Doe seeks damages "for public humiliation and violations of her civil rights." *Id.* ¶ 27.

In the motion to proceed under a pseudonym, Ms. Doe "requests to proceed under pseudonym due to the real threat of retaliation from the municipal police department who is being named as a defendant in this matter."  Docket No. 3 at 1.  Ms. Doe asserts that she has "experienced [a] significant increase in local police presence as she travels through small towns in and around the area named in this matter." *Id.*  Ms. Doe claims that "[l]ocal police have been seen directly above (in a helicopter) the location the plaintiff is known to stay." *Id.*  Ms. Doe states that "[t]he police department in the helicopter will be joined to this action." *Id.*

This case does not present circumstances warranting the use of a pseudonym.  While "a would-be Doe who reasonably fears that coming out of the shadows will cause him unusually severe harm" may be allowed to proceed anonymously, *see Doe,* 46 F.4th at 71, Ms. Doe has not set forth grounds for reasonable fear of "unusually severe harm" if her identity is revealed.  The alleged misconduct of the defendants does not rebut the strong presumption against the use of a pseudonym.  Accordingly, the motion is DENIED.

## III.   CONCLUSION

In accordance with the foregoing, the Court hereby orders:

1.      The motion for leave to proceed *in forma pauperis* (Docket No. 2) is GRANTED.

2.      The motion to proceed under a pseudonym (Docket No. 3) is DENIED.  If Ms. Doe wishes to proceed with this action, she must file a complaint under her real name within

twenty-eight days.[1]  If Ms. Doe fails to do so, the Court will recommend to a District Judge that this action be dismissed.[2]

SO ORDERED.


Dated: March 24, 2026                                     /s/ Jessica D. Hedges
                                                         United States Magistrate Judge

---

[1] A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. Proc. 8(a)(2), and must be signed by the plaintiff or the plaintiff's attorney, *see* Fed. R. Civ. Proc. 11(a).  By not providing her name to the court, Ms. Doe has failed to satisfy these requirements.

[2] Under Federal Rule of Civil Procedure 72(a) and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determinations and orders must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge.