**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANE DOE,<br><br>             Plaintiff,<br><br>             v.<br><br>CONVERSE/MALDEN PUBLIC LIBRARY,<br>et al.,<br><br>             Defendants. | No. 26-cv-11259-JDH |

**ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION**

HEDGES, M.J.

I.      **BACKGROUND**

On March 13, 2026, the Court received a complaint from *pro se* plaintiff "Jane Doe."

Docket No. 1.[1]  Ms. Doe brought the complaint against various Defendants, who she alleges

violated her Fourth Amendment rights by unlawfully detaining her at the Malden Public Library.

Docket No. 1 ¶ 25.  Ms. Doe did not sign or include her real name in the complaint.  *See*

*generally* Docket No. 1.  Instead, Ms. Doe filed a motion requesting "to proceed under [a]

pseudonym due to the real threat of retaliation from the municipal police department who is

being named as [a] defendant in this matter."  Docket No. 3 at 1.

On March 24, 2026, I issued an order denying Ms. Doe's motion to proceed under a

pseudonym.  Docket No. 5.  "Letting a party hide behind a pseudonym dims the public's

---

[1] The Clerk opened a civil action, and the case was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  Docket No. 4.

perception of the matter and frustrates its oversight of judicial performance." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 67 (1st Cir. 2022).  Therefore, a "strong presumption [exists] against the use of pseudonyms in civil litigation." *Id*. (quoting *Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022)).  Because Ms. Doe did not set forth grounds for reasonable fear of "unusually severe harm" should her identity be revealed, *see Doe*, 46 F.4th at 71, I determined that her case did not present circumstances warranting rebuttal of the presumption against use of a pseudonym. Docket No. 5 at 3.

Accordingly, I ordered Ms. Doe to file an amended complaint under her real name within twenty-eight days if she wished to pursue the action.  *Id*. at 3-4.  I advised that failure to comply with the order may result in dismissal of the action without prejudice.  *Id*. at 4.  The deadline for Ms. Doe to file an amended complaint under her real name has now passed, and she has not done so.

## II.    <u>ORDER</u>

The case shall be returned to the Clerk's Office for REASSIGNMENT to a District Judge for further proceedings.

## III.    <u>RECOMMENDATION</u>

Because Ms. Doe failed to respond to the Court's March 24, 2026 order and amend her complaint, I RECOMMEND that the District Judge DISMISS this action without prejudice.  *See Unidentified Litigant v. Two Unknown Essex Cnty., MA Ct. Officers*, 25-cv-12748-IT, 2025 WL 2785031, at *2 (D. Mass. Sept. 30, 2025).[2]

---

[2]  The parties are advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen days of service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are

SO ORDERED.

Dated: May 14, 2026                                    /s/ Jessica D. Hedges
                                                       United States Magistrate Judge

---

further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Santos-Santos v. Torres-Centeno,* 842 F.3d 163, 168 (1st Cir. 2016); *see also Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).  A party may respond to another party's objections within fourteen days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b).